IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LIPPOLD, | No. C 10-00421 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** |
| v. | |
| GODIVA CHOCOLATIER, INC., | |
| Defendant. | |

Plaintiff's motion for remand is scheduled for a hearing on April 16, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter appropriate for resolution without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiff's motion to remand.

**BACKGROUND**

The subject of this litigation is a wage and hour dispute brought by plaintiff, Daniel Lippold, who worked for defendant, Godiva Chocolatier, Inc., ("Godiva") from February 9, 2009 to July 1, 2009. On December 24, 2009, plaintiff filed this lawsuit individually and on behalf of "members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act." Plaintiff seeks individual and class-wide damages for violations of various state laws. On January 28, 2010, defendant removed the action to this Court based on diversity jurisdiction. Plaintiff now moves for remand to state court, asserting that defendant failed to satisfy its burden of establishing federal court jurisdiction.

**LEGAL STANDARD**

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has diversity jurisdiction over any civil action between citizens of different states as long as the amount in controversy exceeds $ 75,000, excluding interest and costs. 28 U.S.C. § 1332. If at any time before final judgment it appears that a district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447©).

The party that seeks to remain in federal court has the burden of proof on a motion to remand to state court. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). The Ninth Circuit has held that "[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted). In cases in which a plaintiff's state court complaint does not specify an exact figure for damages, the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds the statutory minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). A defendant must therefore prove that it is "more likely than not" that the amount in controversy is over $75,000. *See id.*

In determining whether the defendant has made such a showing, the district court must first consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. *See Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Where the complaint does not specify a damages amount, the court can look at facts in the complaint and require the parties to submit evidence relevant to the amount in controversy. *See Conrad Associates*, 994 F. Supp. at 1198. The amount in controversy is determined as of the date of removal. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). A speculative argument as to the amount in controversy is insufficient. *See Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Included in the amount in controversy are claims for special and general damages, attorneys' fees (if applicable), and punitive damages. *See Conrad Associates*, 994 F. Supp. at 1198-99 (*citing Richmond v. Allstate Ins. Co.*, 897

F. Supp. 447 (S.D. Cal. 1995)).

**DISCUSSION**

**1.    Diversity of citizenship**

Citing the complaint's allegation that plaintiff is a resident of California, the notice of removal states that plaintiff is a citizen of California. Notice of Removal ¶ 8. The notice of removal also states that Godiva is a citizen of the States of New Jersey and New York because it is incorporated under the laws of New Jersey, and its principal place of business is in New York. Notice of Removal ¶ 9.

Plaintiff contends that defendant has not met its burden to allege facts sufficient to establish the citizenship of both parties. With respect to plaintiff's citizenship, plaintiff argues that statements in the complaint about plaintiff's residency are insufficient to establish domicile because residency alone is "not an immutable condition of domicile." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). However, while allegations of residency do not establish domicile, such allegations are relevant to the determination of domicile. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Additionally, in its opposition to plaintiff's motion, defendant has submitted evidence in support of plaintiff's California domicile in the form of plaintiff's federal tax withholding forms, a background investigation authorization form, and his employment application, all of which indicate that plaintiff resided in California at the time the suit was filed, as required by *Hill v. Blind Indus. and Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999). Notably, plaintiff does not claim that he is not a citizen of California, but only challenges the sufficiency of defendant's evidence. Plaintiff's reply does not challenge any of defendant's evidence, and indeed the reply does not address domicile at all. In light of the evidence provided by defendant, the Court is satisfied that defendant has met its burden to show that plaintiff is a citizen of California.

With regard to Godiva's citizenship, plaintiff contends that Godiva's allegations of its citizenship are inadequate, and that Godiva must support those allegations with evidence. In response to plaintiff's challenge, defendant has submitted the declaration of Ellyn Knowles, who states that Godiva was and is "a corporation that is organized and existing under the laws of the state of New Jersey." Knowles Decl. ¶ 2. Ms. Knowles also states that "All of Godiva's corporate officers . . . are based out of

3

Godiva's New York office" and that "All corporate decisions regarding Godiva's business activities are made by Godiva's officers in the Company's New York offices." *Id.* ¶ 3. The Court finds that defendant has met its burden to show that it is a citizen of the States of New Jersey and New York, and thus that there is complete diversity of citizenship among the parties.

### 2.     Amount in controversy

The notice of removal states that the amount in controversy – consisting of claimed overtime, wages, statutory damages, penalties, and attorneys' fees – is at least $83,177. Notice of Removal ¶ 21. In opposition to plaintiff's motion, defendant has recalculated the damages and penalties using "conservative" estimates consistent with plaintiff's allegations; the recalculated damages and penalties, together with attorneys' fees, are $78,746.80. Plaintiff contends that defendant has not met its burden to show that the amount in controversy is over the jurisdictional minimum. The parties agree that it is not facially apparent from the complaint that the jurisdictional minimum is in controversy, and thus defendant has the burden of showing by a preponderance of the evidence that the minimum threshold is met. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Plaintiff argues that the revised calculations are inflated because they assume, as one example, that plaintiff worked 13 hours a day every day that plaintiff worked for Godiva. However, as defendant notes, these calculations are consistent with plaintiff's allegation that during the relevant time period, he "regularly and/or consistently worked in excess of 12 hours per day." Compl. ¶ 50. While defendant's use of a 13 hour day is perhaps not conservative, defendant's calculations do not assume – as they could consistent with plaintiff's allegations – that he worked seven days in a row and thus would be entitled to even additional overtime. Plaintiff also argues that defendant's calculations are flawed because they are based on estimates of hours worked, and that defendant should have based its calculations based on the information in defendant's records. However, "a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).

The Court finds that defendant's revised calculations of monetary damages and penalties are

4

sufficient. According to defendant's calculations, plaintiff's claims are valued somewhere between $38,746.80 and $48,916.40. Plaintiff contests the calculations used by defendant, but provides no alternative method of valuation for the Court to use. The Court will use the low end of defendant's valuation in its determination of the amount in controversy: $38, 746.80.[1] Using this total, defendant must show that attorneys' fees will be at least $36,253.20 in order to satisfy the jurisdictional minimum.

Plaintiff does not dispute that the amount in controversy includes attorneys' fees so long as the underlying statute authorizes the award of fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d at1156; *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). This is a wage and hour case brought under various California Labor Code statutes which provide for the award of attorneys' fees to a prevailing employee. *See* Cal. Lab. Code § 2699(g)(1). Plaintiff seeks these fees in his complaint, and thus attorneys' fees may be included when determining amount in controversy.

Only reasonable fees will be included in the calculation. *See* 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3712, at 176-77 (2d ed. 1985) (citing cases). Further, "what is 'reasonable' will vary depending upon the facts and circumstances of each particular case." *Building Erection Services Co. v. Ceco Corp.*, 760 F. Supp. 188, 190 (D. Kan. 1991). It appears to be an open question in the Ninth Circuit whether an estimate of attorneys' fees incurred after the removal date should be included in the amount in controversy. *See Burk v. Medical Savings Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004) (discussing split of authority among district courts within the Ninth Circuit). This Court concurs with *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D.Cal.2002) and *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034-35 (N.D.Cal.2002), both of which are cases from this District which conclude that "a reasonable estimate of attorneys fees likely to be expended" should be included in calculating the amount in controversy

Defendant asserts that a typical individual wage and hour case generates fees in excess of

---

[1] Defendant's calculations are based upon the following sub-totals : Count 1, $20,349.60; Counts 2 & 3, $6,108; Count 4, $1,900; Count 5, $5,639.20; Count 6, $2,850; Count 7, $1,900. This amount is the lowest provided in the parties' papers.

5

1  $100,000. Defendant has submitted evidence of attorneys' fee awards in other wage and hour cases.[2]
2  *See Martin v. The Old Turner Inn*, 2003 WL 22998402 (Cal. Sup. 2003) (awarding $147,610 in
3  attorneys' fees and costs in a single-plaintiff wage and hour case in which the plaintiff recovered
4  $49,508 in compensatory and punitive damages); *see also Bandoy v. Huh*, 1996 WL 675978 (Cal. Sup.
5  1996) (awarding $73,680 in attorneys fees in a wage-and-hour employee misclassification case in which
6  the plaintiff recovered in excess of $200,000 in unpaid wages). As defendant notes, at a rate of
7  $400/hour, attorneys' fees would reach $40,000 after just 100 billable hours, and attorneys handling
8  wage-and-hour cases typically spend far more than 100 hours on the case.

9  Plaintiff argues that defendant has not met its burden because the cases cited by defendant are
10 distinguishable, and because defendant has not submitted a declaration of counsel. While a declaration
11 from defense counsel about the hours typically expended in wage and hour cases would have been
12 helpful, the Court finds that defendant has made a reasonable good faith estimate of the expected fees.
13 The Court is satisfied that defendant has met the evidentiary burden required to establish federal court
14 jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for remand. (Docket No. 11).

**IT IS SO ORDERED.**

Dated: April 15, 2010

SUSAN ILLSTON
United States District Judge

---

[2] Defendant also provided fee awards in class action wage and hour cases, but the Court finds these cases less helpful to the question presented as a class has not been certified in the instant action.